# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 0773 | DATE | MAY 23, 2002 |
| CASE TITLE | THOMAS R. MORIARTY, etc., et al. v. HILLS FUNERAL HOME, LTD., et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **The Clerk of the Court is directed to amend the docket to reflect that Hills Funeral Home, Ltd. is a crossplaintiff (not a counterclaimant) and that Vivian Peppas is a crossdefendant (not a counterdefendant). Hills Funeral Home Ltd.'s motion for summary judgment [183] is denied. Vivian Peppas's motion for summary judgment [187] is granted. The Clerk of the Court is directed to enter judgment on the merits in favor of crossdefendant Vivian Peppas as personal representative of the estate of George Pepper and against crossplaintiff Hills Funeral Home, Ltd. dismissing Hills Funeral Home Ltd.'s crossclaim with prejudice.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 6 | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | **MAY 2 8 2002** | | |
| | Notified counsel by telephone. | | | date docketed | | 194 |
| | Docketing to mail notices. | | | docketing deputy initials | | |
| ✓ | Mail AO 450 form. | | | MAY 23, 2002 | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | | |
| | cw | courtroom deputy's initials | | mqm | | |
| | | | Date/time received in central Clerk's Office | mailing initials | | |

**DOCKETED**

**MAY 2 8 2002**

THOMAS J. MORIARTY, etc., et al.,       )
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )       No. 98 C 0773
                                        )
HILLS FUNERAL HOME, LTD., an            )
Illinois corporation, et al.,           )
                                        )
                    Defendants.         )
_____ )
                                        )
HILLS FUNERAL HOME, LTD., an            )
Illinois corporation, et al.,           )
                                        )
                    Crossplaintiff,     )
                                        )
        v.                              )
                                        )
VIVIAN PEPPAS, personal                 )
representative of the Estate            )
of George Pepper,                       )
                                        )
                    Crossdefendant.     )

## MEMORANDUM OPINION AND ORDER

The complaint in this action was brought by trustees of
two employee benefit funds (the "Funds") claiming that a former
funeral home owner[1] and the corporation to which he sold the

---

[1] As to the former owner, the complaint named "George
Pepper, individually, as the sole proprietor of HILLS FUNERAL
HOME, and the HILLS FUNERAL HOME, a sole proprietorship." Pepper
died in June 2001 and his personal representative, Vivian Peppas,
was substituted in as a defendant/crossdefendant. In this
opinion, this defendant/crossdefendant will be referred to as
"Pepper."

194

funeral home[2] were liable for unpaid contributions to the Funds. Summary judgment was granted in favor of plaintiffs against both defendants, but the grant of summary judgment was reversed on appeal and remanded for further proceedings. See Moriarty v. Hills Funeral Home, Ltd, 93 F. Supp. 2d 910 (N.D. Ill. 2000) ("Moriarty I"), rev'd sub nom., Moriarty v. Pepper, 256 F.3d 554 (7th Cir. 2001) ("Moriarty IV"). On remand, the case was reassigned to a different judge and plaintiffs subsequently settled with defendants. The settlement did not resolve a crossclaim for indemnity brought by Hills Ltd. against Pepper based on indemnity provisions contained in the parties' Contract for Sale of Real Estate and Asset Purchase Agreement Hills Funeral Home (the "Contract").[3] Since Pepper paid the settlement amounts due to plaintiffs, the only indemnity issue is the attorney fees and costs (hereinafter "fees" or "defense costs") incurred by Hills Ltd. in this action. Pending are the parties' cross motions for summary judgment.

---

[2]The purchasers were Frank Leonard and Jason Leonard or their nominee. Their nominee was defendant Hills Funeral Home, Ltd. (hereinafter "Hills Ltd."), a corporation in which the Leonards are the shareholders.

[3]Since the crossclaim parties are not diverse, no independent basis of jurisdiction exists for the crossclaim. However, since the crossclaim is closely tied to the issues already addressed in this case, as well as this case's procedural history, and since it involves fees incurred in this case, the court will exercise its discretion to retain jurisdiction over the crossclaim. See Pinney Dock & Transport Co. v. Penn Central Corp., 196 F.3d 617, 620-21 (6th Cir. 1999).

Except as to one issue that is specifically noted below, there are no facts in dispute. With the one exception, the facts are the same for ruling on both summary judgment motions. The facts taken as true are as follows.

The Contract included the following provisions:

[1.(A)](f) The parties expressly acknowledge that Seller's Liabilities, of whatsoever nature or kind, accruing prior to the Closing, are NOT being assumed by Purchasers, with the exception of the servicing of certain of the aforesaid Pre-Needs contracts.

* * *

12. SELLER'S REPRESENTATIONS.

* * *

D. There is not and at closing there will not be any outstanding contract for services, management, employment, union, supplies, or other executory contract that would be binding upon the Purchasers, other than contracts terminable by Purchasers . . . .

E. Seller agrees to pay and discharge when due all liabilities and obligations of Seller relating to the business, the assets or any leases/executory contracts accruing prior to closing.

* * *

I. (a) Seller shall be solely responsible, and Purchasers shall have no obligations whatsoever, for any compensation or other amounts payable to any employee of Seller, including, but not limited to, . . . pension or profit sharing benefits, union benefits/payments of whatsoever nature or kind, . . . for any period or relating to service with Seller at any time prior to the Closing Date.

J. Seller shall make full disclosure to Purchasers or Purchasers agents/attorneys regarding any "employee benefit plans" and Seller further agrees to properly terminate any and all "employee benefit plans" as that term is defined in sec. 3(3) of ERISA, immediately upon Closing and shall be responsible for paying for all required contributions to any such employee

benefit plans prior to termination, including any
claims of any unions.

* * *

20. NO WAIVER.  No waiver of any breach or
default hereunder shall be considered valid
unless in writing and signed by the party giving
such waiver, and no such waiver shall be deemed a
waiver of any subsequent breach or default of the
same or a similar nature.

* * *

27. ADDITIONAL SELLER REPRESENTATIONS.
(A)

* * *

(b) Seller is not in default under any
contracts made or obligations owed by
Seller.
(c) Seller is not a party to any
collective bargaining agreements.
Seller represents and warrants that no
sums are due any Union as the result of
Seller's business operations.

* * *

(B) The representations and warranties made
herein shall be deemed restated at closing and
shall survive the closing of this transaction
and shall be the personal representations and
warranties of the beneficiaries of Seller, if
Seller is a Land Trust.  If this Contract is
executed by a Land Trustee, all beneficiaries of
the said Land Trust shall join in the execution
of this Contract.  Seller shall indemnify and
hold harmless Purchasers from and against any and
all loss, cost, damage and expense (including
reasonable attorney fees) arising directly or
indirectly, in whole or in part, from any
inaccuracy in, or breach of, Seller's
representations and warranties herein.


The Contract was signed November 5, 1997 and the

transaction closed on January 28, 1998.  The purchase price for

the funeral home business and related real estate was $900,000.

There was also an Agreement Not To Compete, which provided that

Pepper would also be paid $5,000 per month for 60 months for a

total of $300,000 as long as no breach occurred.[4]  Following the
closing, the funeral home business was operated by Hills Ltd.

Hills Ltd.'s attorney, James Carroll, prepared the
initial draft and had primary responsibility for drafting the
Contract.  However, revisions were made in light of negotiations
that occurred with Pepper's attorney and the final version
included some provisions proposed by Pepper's attorney.  The
indemnification provision of the Contract (¶ 27(b)) was drafted
by Hills Ltd.'s attorney and was not specifically discussed or
modified as a result of the negotiations.  See Carroll Dep.
at 25-26.

In October 1997, prior to the signing of the Contract,
Pepper's attorney informed Carroll that a union audit of the
funeral home was in progress.  Representations were made as to
there being no liability.  Carroll's deposition testimony,
however, is unclear as to whether he was told that (a) the union

---

[4]Although not included in Hills Ltd.'s Local Rule 56.1
statement of facts, in its brief Hills Ltd. contends the
Noncompetition Agreement includes the following as ¶ 12.
**"Set off.**  Purchasers shall be entitled to set off against
the payments due Seller hereunder any cost, expense (including
reasonable attorney fees), loss or liability incurred by
Purchasers as a result of a default by Seller in Seller's full,
complete and timely performance of any covenant or condition
contained herein or breach of any of the representations,
warranty or indemnifications of Seller contained in the
Contract."  However, the copy of the Noncompetition Agreement
that is provided with Hills Ltd.'s Rule 56.1 statement contains
a different ¶ 12 and does not otherwise contain the quoted
setoff provision.

had already found no liability or (b) it was expected the union would find no liability and Pepper could not possibly have any liability. On Pepper's motion (a) will be assumed to be true because that fact favors Hills Ltd. On Hills Ltd.'s motion, though, (b) must be assumed to be true since it favors Pepper. Around December 29, 1997, after the Contract was signed but before closing, Carroll was informed that the union wanted $100,000 in unpaid contributions and related penalties and interest.

The sale was closed on January 28, 1998 and the present lawsuit was filed on February 6, 1998. On February 25, the law firm that had represented Hills Ltd. in the negotiation of the sale sent a letter on Hills Ltd.'s behalf to Pepper and the attorneys that had represented him. The letter stated in part:

> Demand is hereby made that Mr. Pepper defend the interests of the Leonards and Hills Funeral Home, Ltd., in the captioned lawsuit and that defense is hereby tendered to you. Hills Funeral Home, Ltd. was served on February 18, 1998, and its answer or other pleading is due by March 10, 1998. Please advise, in writing, that you will assume that defense. If we have not received a copy of your appearance on behalf of Hills Funeral Home, Ltd. by March 6, 1998, we will assume the defense and set off the fees and costs of the defense against any funds due Mr. Pepper. We look forward to your immediate response.

Pepper did not directly respond to Hills Ltd. or its contract attorney. However, in early March 1998, Pepper's litigation attorney Robert Colan contacted attorney James Nally,

provided him with a copy of the complaint, informed him that Hills Ltd. had tendered its defense to Pepper, and asked Nally if he would be available to represent Hills Ltd. Nally informed Colan that he would be available and would need a $2,000 retainer. A few days later, Colan provided the $2,000 and Nally thereafter contacted Hills Ltd. and filed an appearance on its behalf and has represented Hills Ltd. throughout this litigation. Although neither party makes an express representation as to this fact, apparently Pepper has not paid any of Hills Ltd.'s fees other than the retainer.

Hills Ltd.'s motion to dismiss the complaint was denied in January 1999. In July 1999, Hills Ltd. answered the complaint and filed its crossclaim against Pepper (mislabeled as a "counterclaim"). The crossclaim includes this allegation and prayer for relief:

> 8. If this Court decides that Plaintiff is entitled to any sums from Counterdefendant, and further decides that Hills Funeral Home, Ltd. is liable to Plaintiff for any such sums, Hills Funeral Home, Ltd. is entitled to payment in full of all such sums and all attorney fees, costs and expenses related to the defense of this action from Counterdefendant as set forth in representations in the Asset Purchase Agreement.
> **WHEREFORE,** for the foregoing reasons, it is respectfully requested that if this Court enter a judgement in its favor for the Plaintiff in this cause against Defendant, George Pepper a/k/a George Pappas, and or Hills Funeral Home, and further finds that Hills Funeral Home, Ltd. has any liability to Plaintiff for any such sums, that this court enter a judgment in favor of

> Hills Funeral Home, Ltd. on this counterclaim
> against Counterdefendants, George Pepper a/k/a
> George Peppas and Hills Funeral Home, and for
> such other relief as this Court deems just.

In March 2000, the court ruled on pending summary judgment motions as between plaintiffs and defendants. The court held that undisputed facts established that Pepper had manifested an unequivocal intention to be bound by the pertinent collective bargaining agreements. Moriarty I, 93 F. Supp. 2d at 917-18. The court relied on Pepper's membership in the Funeral Directors Services Association of Greater Chicago ("FDSA") and the FDSA's Constitution as manifesting Pepper's intention to be bound by the collective bargaining agreements negotiated by the FDSA on behalf of its members. See id. It was also held that undisputed facts established that Hills Ltd. had successor liability for the unpaid contributions. Id. at 915-16. Pepper's motion for reconsideration was also denied. See id. at 918-22.

Thereafter, Hills Ltd. moved for summary judgment on its crossclaim against Pepper. In August 2000, the court ruled in Hills Ltd.'s favor. See Moriarty v. Hills Funeral Home, Ltd., 2000 WL 1141437 (N.D. Ill. Aug. 11, 2000) ("Moriarty II"). The Moriarty II ruling was made in light of the holding in Moriarty I that Pepper was bound by a collective bargaining agreement and liable for unpaid contributions, and that Hills Ltd. was jointly

and severally liable for the unpaid contributions.  The court

held that Pepper had breached his representation in ¶ 27(A)(b) of

the Contract that he "was not in default under any contracts made

or obligations owed by" him because Pepper had owed obligations

to the Funds, which also made him in default under a contract,

the collective bargaining agreement.  <u>Moriarty II</u>, 2000 WL

1141437 at *4-5.  Therefore, pursuant to ¶ 27(B) of the Contract,

Pepper was required to indemnify Hills Ltd. for its liability to

the Funds.  <u>Id.</u> at *4.  The court entered a judgment stating:

"IT IS HEREBY ORDERED AND ADJUDGED that final judgment is entered

in favor of Hills and against Pepper on Hills' cross-claim

against Pepper."[5]

     After ruling on a point concerning part of Hills Ltd.'s

successor liability, <u>see Moriarty v. Hills Funeral Home, Ltd.</u>,

2000 WL 1805397 (N.D. Ill. Dec. 5, 2000), the court required that

the parties promptly submit proposed forms of final judgment.

Thereafter, judgment was entered in plaintiffs' favor against

Pepper and Hills Ltd., jointly and severally, in a total amount

of $157,753.95, plus attorney fees to be determined at a later

_____

     [5]This did not actually constitute a final and appealable
judgment in that a judgment had not yet been entered on
plaintiffs' claims and no Rule 54(b) determination had been made.
Also, the crossclaim sought indemnity for both its liability to
plaintiffs and Hills Ltd.'s defense costs incurred in the case.
The issue of defense costs was not expressly addressed in
<u>Moriarty II</u>.

time.  The court also entered judgment in favor of Hills Ltd. and against Pepper in the amount of $157,753.95, with the proviso that "[e]xecution of this judgment is to take place only if and to the extent that Plaintiffs execute on their judgment against Hills, and any amounts that Pepper pays to Plaintiffs on account of the corresponding judgment against Pepper shall operate to reduce the judgment in favor of Hills referred to" therein.  The judgment in favor of Hills Ltd. also provided that the "Court retains jurisdiction to order further similar indemnification of Hills for any additional sums awarded against Hills for attorney fees or costs."  The judgment did not award Hills Ltd. indemnification for its own fees incurred in defending the lawsuit.

Pepper and Hills Ltd. appealed the judgment that was entered in favor of plaintiffs.  Pepper did not appeal the judgment as to Hills Ltd.'s crossclaim.  On appeal, the Seventh Circuit held that Pepper's membership in the FDSA was not a sufficient basis for conclusively finding Pepper had manifested an intent to be bound by the pertinent collective bargaining agreements.  Moriarty IV, 256 F.3d at 558.  Because the Seventh Circuit did not uphold that Pepper was bound by the collective bargaining agreements, the question of whether Hills Ltd. was subject to successor liability was not ripe for a decision on

appeal.  Id. at 559.  The court remanded the case for further
proceedings as to whether additional facts supported that Pepper
was otherwise bound by the collective bargaining agreements.  Id.
at 558-59.  Thus, the Seventh Circuit left unresolved whether
Pepper had been bound by any collective bargaining agreement and
whether he had any liability for unpaid contributions.

On remand, the parties settled the Funds' claims before
any further ruling on the merits of those claims.  The settlement
expressly states that Pepper's payment of an amount in settlement
does not constitute an admission as to the merits of plaintiffs'
claims.

Hills Ltd. contends that Moriarty II establishes that it
is entitled to indemnity and that Moriarty II remains the law of
the case because Pepper did not appeal the judgment that was
entered based on that ruling.  See Schering Corp. v. Illinois
Antibiotics Co., 89 F.3d 357, 358 (7th Cir. 1996).  This
contention is without merit for two reasons.  First, Moriarty II
held that Hills Ltd. would be entitled to indemnity for any
payments it might be required to make to plaintiffs; it does not
reach the issue presently before the court of indemnity for Hills
Ltd.'s costs of defense.  Second, the underlying basis that
Moriarty II found for imposing indemnity was subsequently
overruled by the Seventh Circuit in Moriarty IV.  See United

States v. Story, 137 F.3d 518, 520 (7th Cir.), cert. denied, 525 U.S. 859 (1998); United States v. Taglia, 922 F.2d 413, 418 (7th Cir.), cert. denied, 500 U.S. 927 (1991); Mendenhall v. Barber-Greene Co., 26 F.3d 1573, 1582 (Fed. Cir.), cert. denied, 513 U.S. 1018 (1994); Martin v. United States, 175 F. Supp. 2d 1104, 1106-07 (C.D. Ill. 2001). Moriarty II relied on Pepper's breach of his representation in ¶ 27(A)(b) of the Contract that he "was not in default under any contracts made or obligations owed by" him because Pepper had owed obligations to the Funds, which also made him in default under a collective bargaining agreement. See Moriarty II, 2000 WL 1141437 at *4-5. Moriarty IV, 256 F.3d at 558, held that Hills Ltd. was not entitled to summary judgment based on Pepper being obligated for unpaid contributions to the Funds. No law of the case basis presently exists for applying Moriarty II's ultimate conclusion of indemnity to the pending claim for indemnity for fees. The court, however, does continue to agree with Moriarty II's construction of the § 27(A)(b) indemnity provisions of the contract and would continue to follow that construction to the extent applicable.

On the other side, Pepper contends that Hills Ltd. is judicially estopped from contending Pepper breached the contract because he was a party to a collective bargaining agreement or

obligated for the unpaid contributions. Pepper contends judicial estoppel applies because Hills Ltd. successfully joined in Pepper's argument on appeal that he was not so bound. See Moriarty IV, 256 F.3d at 558-59. The Seventh Circuit, however, did not make a conclusive determination on this issue. Moriarty IV held only that plaintiffs were not entitled to summary judgment on the issue, not that Pepper and/or Hills Ltd. were instead entitled to summary judgment on the issue. The Seventh Circuit's remand of the case expressly allowed for further proceedings to resolve the question of Pepper's obligations. Since the parties settled that aspect of the case before it was resolved on remand, the question of whether Pepper actually was bound by a collective bargaining agreement or obligated for unpaid contributions is still an open issue.

Applying judicial estoppel requires that the present position be "clearly inconsistent" with one successfully taken at a prior time. New Hampshire v. Maine, 532 U.S. 742, 750 (2001); Cooper v. Eagle River Memorial Hospital, Inc., 270 F.3d 456, 462-63 (7th Cir. 2001); Sphere Drake Insurance Ltd. v. All American Life Insurance Co., 2002 WL 193374 *6 (N.D. Ill. Feb. 7, 2002). A party not being entitled to summary judgment is not necessarily inconsistent with the issue being resolved in that party's favor at a subsequent trial. In any event, whether successfully

defeating summary judgment without conclusively resolving an issue is a sufficient basis for applying judicial estoppel need not be decided at this time. Hills Ltd. does not presently attempt to prove that Pepper was actually bound by a collective bargaining agreement or that it ultimately would have been found liable for unpaid contributions. Since those are issues on which Hills Ltd. would bear the burden of proof at trial, on summary judgment the burden was on Hills Ltd. to present evidence supporting such a contention. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Shank v. William R. Hague, Inc.</u>, 192 F.3d 675, 681 (7th Cir. 1999); <u>Wintz v. Northrop Corp.</u>, 110 F.3d 508, 512 (7th Cir. 1997). Since Hills Ltd. presents no such evidence, either to conclusively prove such facts (as would be necessary for its own motion) or to support a genuine factual dispute (as would be necessary for opposing Pepper's motion), it must be assumed to be true that Pepper was not actually bound by any collective bargaining agreement nor actually liable for unpaid contributions.

Hills Ltd. contends that Pepper waived its right to dispute that Hills Ltd. is entitled to indemnity for its defense costs because Pepper did not dispute those allegations in the

crossclaim.[6] The express contention contained in the crossclaim
is that Hills Ltd. is entitled to indemnity "if" Hills Ltd. is
found to be liable to plaintiffs. Hills Ltd. has not been found
to be liable to plaintiffs. There is no express contention in
the crossclaim that Hills Ltd. would be entitled to indemnity for
its defense costs even if not found to be liable to plaintiffs.
Therefore, any admission by Pepper in answering the crossclaim
would not waive his right to raise the arguments he now raises in
opposition to indemnity. Moreover, Pepper denied the one
paragraph of the crossclaim that alleged liability for
indemnification and denied that Hills Ltd. was entitled to any
relief on the crossclaim. See Answer to Counterclaim [sic] ¶ 8
& Prayer (Docket Item 67).

Hills Ltd. also contends that Pepper has waived his right
to oppose indemnity because he responded to Hills Ltd.'s tender
of defense without reserving any right to dispute his obligation
to provide a defense. The evidence is undisputed that Pepper
responded to the defense tender by locating an attorney for Hills
Ltd. and paying the attorney's retainer fee. There, however, is
no evidence that Pepper informed either the attorney or Hills

---

[6]The parties both rely on Illinois law, as did
Moriarty II. The Contract contains an express provision that it
"shall be construed in accordance with and governed by the laws
of the State of Illinois." Contract ¶ 21. Illinois law will be
applied to the indemnity claim.

Ltd. that he would pay all the costs of defense. If Pepper were
an insurance company, the provision of a defense would waive the
right to deny insurance coverage absent a timely and express
reservation of rights. See American States Insurance Co. v.
National Cycle, Inc., 260 Ill. App. 3d 299, 631 N.E.2d 1292, 1297
(1st Dist. 1994); All America Insurance Co. v. Broeren Russo
Construction, Inc., 112 F. Supp. 2d 723, 729-30 (C.D. Ill. 2000).
But, even for an insurance company, waiver "will be implied only
if the act constituting waiver is 'clear, unequivocal, and
decisive.'" Broeren, 112 F. Supp. 2d at 730 (quoting Universal
Fire & Casualty Insurance Co. v. Jabin, 16 F.3d 1465, 1470 (7th
Cir. 1994)). Pepper was not an insurance company; he was an
ordinary party to a contract with an indemnity provision. Pepper
located an attorney and paid the attorney's retainer, but he did
not thereafter offer to pay further defense costs nor is there
any evidence that he ever expressly communicated a willingness to
do so. It cannot be found that Pepper's payment of the retainer
fee constituted a clear, unequivocal, and decisive waiver of any
contention that Pepper was not required to pay Hills Ltd.'s
defense costs. There is no sufficient basis for finding that
Pepper agreed to pay for Hills Ltd.'s defense and thereby waived

the opportunity to oppose the present request for indemnity of defense costs.[7]

Hills Ltd. also contends that Pepper is estopped from denying liability for the defense costs. Hills Ltd. concedes one requirement for applying estoppel is a showing of detrimental reliance. See Geddes v. Mill Creek Country Club, Inc., 196 Ill. 2d 302, 751 N.E.2d 1150, 1157, cert. denied, 122 S. Ct. 646 (2001); Emergency Care & Health Organization, Ltd. v. Trinity Medical Center, ___ Ill. App. 3d ___, ___ N.E.2d ___, ___, 2001 WL 1647307 *4 (3d Dist. Dec. 12, 2001); In re Krueger, 192 F.3d 733, 740-41 (7th Cir. 1999). Hills Ltd. contends it relied to its detriment when it delayed seeking a declaration that it was entitled to its defense costs. The contention of a delay, however, is inconsistent with the fact that Hills Ltd. filed its crossclaim for indemnity at the same time it answered the complaint and that it moved for summary judgment on the crossclaim within a relatively short time thereafter. Moreover, even if there was some delay, Hills Ltd. does not point to any detriment that it suffered as a result of the delay. It does not

---

[7]Additionally, since Hills Ltd. did not raise its waiver arguments in the summary judgment motion that resulted in the Moriarty II ruling, Pepper contends that Hills Ltd. has waived its opportunity to raise waiver. This issue need not be reached since Hills Ltd.'s waiver contentions are otherwise without merit.

explain how it is any less able to prove its indemnity claim at this time than it was when it answered the complaint in March 1998.  There is also no contention that, had it known Pepper would deny indemnity, Hills Ltd. would have settled the case for an amount less than the fees it has since incurred.  Hills Ltd. has no meritorious estoppel claim.

With these other issues resolved, the provisions of the Contract may now be addressed.  Under Illinois law, indemnity provisions are to be construed strictly and narrowly.  McNiff v. Millard Maintenance Service Co., 303 Ill. App. 3d 1074, 715 N.E.2d 247, 249 (1st Dist.), appeal denied, 185 Ill. 2d 631, 720 N.E.2d 1095 (1999); Charter Bank v. Eckert, 223 Ill. App. 3d 918, 585 N.E.2d 1304, 1310 (5th Dist. 1992); Church v. General Motors Corp., 74 F.3d 795, 799 (7th Cir. 1996); Wilson v. Wilson, 2000 WL 1364428 *4 (N.D. Ill. Sept. 20, 2000).  Also, attorney fee provisions in contracts, including contracts of indemnity, are construed strictly and must be specific.  Wheeling Trust & Savings Bank v. Citizens National Bank of Downers Grove, 142 Ill. App. 3d 333, 491 N.E.2d 866, 870 (2d Dist. 1986); Jannotta v. Subway Sandwich Shops, Inc., 225 F.3d 815, 818 (7th Cir. 2000); CSX Transportation, Inc. v. Chicago & North Western Transportation Co., 62 F.3d 185, 192 (7th Cir. 1995); Wilson, 2000 WL 1364428 at *4.

Paragraph 27(B) provides that Pepper "shall indemnify and hold harmless [Hills Ltd.] from and against any and all loss, cost, damage and expense (including reasonable attorney fees) arising directly or indirectly, in whole or in part, from any inaccuracy in, or breach of, [Pepper's] representations and warranties contained herein." This is a broad provision in terms of the costs and expenses that are covered; it clearly provides for indemnity for all costs or expenses, including attorney fees. It also clearly relates to all of Pepper's representations and warranties in the contract. <u>Moriarty II</u>, 2000 WL 1141437 at *3-4. However, it must be recognized that there is no direct reference to a duty to defend nor any direct reference to lawsuits or claims made against Hills Ltd. The clause does not directly provide that Hills Ltd. will be indemnified or held harmless for any and all claims made or lawsuits filed against Hills Ltd. related to preclosing activities.[8] Instead, the clause provides for indemnity only when there is an inaccuracy or

---

[8]Compare the language contained in the indemnification provisions that were the subject of the following cases, which include express language regarding claims that are brought, third party actions, or a duty to defend. <u>Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.</u>, 73 F.3d 150, 153 (7th Cir. 1996); <u>Cordiant MN, Inc. v. David Cravit & Associates, Ltd.</u>, 1997 WL 534308 *4 (N.D. Ill. Aug. 19, 1997); <u>Greyhound Financial Corp. v. TSM Financial Group, Inc.</u>, 1995 WL 562068 *3 (N.D. Ill. Sept. 21, 1995); <u>Bridge Products, Inc. v. Quantum Chemical Corp.</u>, 1990 WL 19968 *1 (N.D. Ill. Feb. 28, 1990); <u>Higgins v. Kleronomos</u>, 121 Ill. App. 3d 316, 459 N.E.2d 1048, 1050 (1st Dist. 1984).

breach of one of Pepper's representations or warranties.  If such
an inaccuracy or breach occurred, then Hills Ltd. is entitled to
recover litigation expenses arising directly or indirectly from
the inaccuracy or breach.  Giving meaning to all the words of the
contract, an "inaccuracy" does not have to be a "breach," since
indemnity is provided for either an inaccuracy or a breach.  At
the lowest threshold, Hills Ltd. would be entitled to indemnity
for attorney fees "arising . . . indirectly, . . . in part, from
any inaccuracy in" a representation or warranty of Pepper.

     As is discussed above, the prior rulings and the facts
before the court on summary judgment do not support that Pepper
was bound by any collective bargaining agreement nor that he had
liability owing to an employee benefit fund or any other entity
at the time of the closing.  Therefore, consistent with his
representations and promises, Pepper was not a party to any
collective bargaining agreement and was not in default under any
contracts or for any obligations.  Therefore, he did not breach
the provisions that represented, warranted, or promised that he
had no such agreements or liabilities, was not in default, and
would pay liabilities before closing.

     The only possible basis for indemnity is that ¶ 12(J) of
the Contract contained an inaccurate representation or a breached
promise.  In that paragraph, Pepper promised that he "shall make

full disclosure to Purchasers or Purchasers' agents/attorneys regarding any 'employee benefit plans' . . . ." The facts are in dispute as to the precise representations that were made in October 1997 regarding a union audit. If it was represented that a determination of no liability had already been made, then there was an inaccurate representation. If it was represented that no liability was expected and/or no liability would ultimately be found, then the representation was not necessarily inaccurate, though it still may have constituted less than "_full_ disclosure" as was promised. But even if it is assumed that there was a breach or inaccuracy, indemnity would only apply to fees arising directly or indirectly from the inaccuracy or breach.

Attorney Carroll testified that ¶ 12(J) was boiler plate language that he had inserted before the representation regarding the audit and that he did not modify the language in light of the information he received about the audit. Carroll testified that he believed his client was protected by the language already in ¶ 12(J) and the promise that Pepper would pay any preclosing contributions that might be due. Thus, even assuming a misrepresentation, inaccurate disclosure, or less than full disclosure occurred, the record does not support that any expense arose directly or indirectly therefrom. The record does not support that, had there been full and accurate disclosure, Hills

Ltd. would have demanded a provision imposing upon Pepper the duty to defend Hills Ltd. against predisclosure claims, and thereby been protected from incurring any expenses defending a nonmeritorious claim. To the contrary, the undisputed facts show that, prior to closing, Hills Ltd.'s attorney was aware of a demand for $100,000 in unpaid contributions. Assuming a deficient disclosure occurred in October 1997, the additional information would have revealed the deficiency of the prior disclosure and that Pepper was in breach of its ¶ 12(J) representation or promise. Nevertheless, Hills Ltd. did not seek to rescind or modify the Contract. Instead, it went ahead with the closing without demanding further assurances or a promise to defend against any claim that might be made against Hills Ltd. The only reasonable inference that may be drawn from the evidence before the court is that Hills Ltd.'s fees incurred in the present lawsuit had absolutely no causal relationship with any deficient disclosure on the part of Pepper. Therefore, those fees did not arise, even indirectly, from a breach of or inaccuracy in any representation or warranty made by Pepper. The fees would have been incurred even if there was a full and accurate disclosure of the Funds' pending audit.

Drawing all inferences from the evidence before the court and resolving all genuine factual disputes in Hills Ltd.'s favor,

the facts do not support that Hills Ltd. suffered "any . . . loss, cost, damage [or] expense (including reasonable attorney fees) arising directly or indirectly, in whole or in part, from any inaccuracy in, or breach of, [Pepper's] representations and warranties contained" in the Contract. Therefore, Pepper is entitled to summary judgment dismissing the crossclaim.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to amend the docket to reflect that Hills Funeral Home, Ltd. is a crossplaintiff (not a counterclaimant) and that Vivian Peppas is a crossdefendant (not a counterdefendant). Hills Funeral Home Ltd.'s motion for summary judgment [183] is denied. Vivian Peppas's motion for summary judgment [187] is granted. The Clerk of the Court is directed to enter judgment on the merits in favor of crossdefendant Vivian Peppas as personal representative of the estate of George Pepper and against crossplaintiff Hills Funeral Home, Ltd. dismissing Hills Funeral Home Ltd.'s crossclaim with prejudice.

ENTER:

_William T. Hort_
UNITED STATES DISTRICT JUDGE

DATED: MAY 23 , 2002

- 23 -